UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERNATIVE COMMUNITY HEALTH CARE COOPERATIVE, INC. *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, Attorney General of the Untied States *et al.*,<br><br>    Defendants. | CASE NO. 11cv2585-DMS (BGS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

   Plaintiffs in this civil rights action filed a motion for temporary restraining order and preliminary injunction, in which they seek to enjoin federal prosecution of cooperatives operating marijuana dispensaries under California's Compassionate Use Act, Cal. Health & Safety Code § 11362.5, and landlords leasing premises to such cooperatives. Defendants filed an opposition to both motions and Plaintiffs replied. By order dated November 18, 2011, the application for temporary restraining order was denied. The Court invited supplemental briefing regarding Plaintiffs' request for preliminary injunction, specifically on Plaintiffs' claims that (1) availability of marijuana for medical purposes as provided by the Compassionate Use Act has in recent years become a protected right under the Fifth and Ninth Amendments, and (2) Defendants are selectively prosecuting medical marijuana users and dispensaries under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* Upon consideration of the parties' initial and supplemental briefing, the motion for preliminary injunction is **DENIED**.

The factual and legal background of this action is contained in the November 18, 2011 order and is known to the parties. It is therefore not repeated. Furthermore, because the legal standard governing temporary restraining orders and preliminary injunctions is the same, *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the discussion of legal standards and Plaintiffs' legal claims and issues in the November 18, 2011 order is adopted and supplemented by this order. Only the issues on which supplemental briefing was permitted are addressed in this order.

Plaintiffs contend that availability of marijuana as provided by the Compassionate Use Act has in recent years become a fundamental right under the Fifth and Ninth Amendments. The analysis of this claim has two "primary features:"

> First, . . . the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. Second, we have required in substantive-due-process cases a careful description of the asserted fundamental liberty interest.

*Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal quotation marks and citations omitted). The courts are "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended. By extending constitutional protection to an asserted right or liberty interest, [the courts], to a great extent, place the matter outside the arena of public debate and legislative action." *Id*. at 720 (internal quotation marks and citations omitted). The courts must therefore exercise "the utmost care whenever we are asked to break new ground in this field, lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of the [judiciary]." *Id*. (internal quotation marks and citations omitted).

The interest at stake in substantive due process cases must be precisely and narrowly formulated "before the ensuing analysis can proceed." *Raich v. Gonzalez*, 500 F.3d 850, 864, 863 (9th Cir. 2007) ("*Raich II*"). Plaintiffs adopt the formulation established in *Raich II*: "a right to make a life-shaping decision on a physician's advice to use medical marijuana to preserve bodily integrity, avoid intolerable pain, and preserve life, when all other prescribed medications and remedies have failed." (Pls' Mot. for Prelim. Inj. at 20, quoting *Raich II*, 500 F.3d at 864.)

The next step is the question whether the interest at stake is "objectively, deeply rooted in this

Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it was] sacrificed." *Glucksberg*, 521 U.S. at 720-21. After a thorough review of the long history of medical use and relatively recent federal criminal prohibition of marijuana, together with state laws in the past few decades to decriminalize its medical use, *Raich II* held that "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering." 500 F.3d at 864-66 (footnote omitted). As noted by Plaintiffs, the decision left open the door that this could some day change:

> For now, federal law is blind to the wisdom of a future day when the right to use medical marijuana to alleviate excruciating pain may be deemed fundamental. Although that day has not yet dawned, considering that during the last ten years eleven states have legalized the use of medical marijuana, that day may be upon us sooner than expected. Until that day arrives, federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering.

*Id*. at 866 (footnote omitted).

Plaintiffs contend that the "future day" has arrived. (Pls' Mem. of P. & A. at 22.) They point out that in the four years since *Raich II* was decided, five more states (for a total of sixteen states) and the District of Columbia have passed medical marijuana laws. (*Id*. at 5 n.7.) Seven more states have similar legislation pending. (*Id*. at 22; Pls' Supp. Brief at 4 n.3.)

For their analysis, Plaintiffs rely on *Lawrence v. Texas*, 539 U.S. 558 (2003). *Raich II* cited *Lawrence*, suggesting that its framework "might certainly apply to the instant case." *Raich II*, 500 F.3d at 865. *Lawrence* overturned *Bowers v. Hardwick*, 478 U.S. 186 (1986), which held there was no fundamental right to engage in consensual sexual activity, including homosexual activity, in the home without government intrusion. The *Lawrence* Court indicated that when it decided *Bowers*, twenty-four states and the District of Columbia had sodomy laws, but at the time of *Lawrence*, only thirteen states had maintained those laws and there was a "pattern of nonenforcement" among them. *Raich II*, 500 F.3d at 865; *Lawrence*, 539 U.S. at 572-73.

The current state of enforcement in Plaintiffs' case is different from that at issue in *Lawrence*. Here, only the District of Columbia and sixteen states have passed medical marijuana laws. In addition, Plaintiffs present no evidence that the thirty-four states which prohibit the possession or distribution of marijuana are not enforcing their laws. Moreover, unlike in *Lawrence*, where the relevant conduct was

- 3 -

1 criminalized only by state law, federal law explicitly prohibits possession and distribution of marijuana,
2 even for medical use. *See United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 491
3 (2001). Based on these facts, it is apparent that the issue of medical marijuana has not left "the arena
4 of public debate and legislative action." *See Raich II*, 500 F.3d at 866. Plaintiffs have therefore not
5 shown a probability of success on the merits of their Fifth and Ninth Amendment claims.

6 On the selective prosecution claim, Plaintiffs contend Defendants violated their equal protection
7 rights by selectively prosecuting medical marijuana users and dispensaries in California, but not in
8 Colorado, which also has a medical marijuana law. To prevail on this claim, Plaintiffs bear a heavy
9 burden. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("the standard is a demanding one").

> The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. . . . [T]he presumption of regularity supports their prosecutorial decisions, and in the absence of clear evidence to the contrary, courts presume that they properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe the accused committed an offense defined by statute, the decision whether or not to prosecute . . . rests entirely in his discretion.

14 *Id.* at 464 (internal quotation marks and citations omitted); *see also id.* at 465. Nevertheless, a
15 prosecutor's discretion is subject to constitutional constraints, including the equal protection component
16 of the Due Process Clause of the Fifth Amendment. *Id.* In this regard, "the decision whether to
17 prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary
18 classification." *Id.* (internal quotation marks and citations omitted).

19 "The requirements for a selective-prosecution claim draw on ordinary equal protection
20 standards." *Armstrong*, 517 U.S. at 465. The claimant must demonstrate that the federal prosecutorial
21 policy has a discriminatory effect and that it is motivated by a discriminatory purpose. *Id.*

22 "To establish a discriminatory effect, the claimant must show that similarly situated individuals
23 were not prosecuted." *Rosenbaum v. San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007). But the
24 evidence presented here demonstrates that marijuana users and dispensaries in Colorado and California
25 are not similarly situated. Plaintiffs aver that Colorado has "what is considered to be the most carefully
26 regulated system of cultivation and distribution of medical cannabis in the world." (Pls' Supp. Brief
27 at 5). In addition, licenses under Colorado's medical marijuana law have just begun to issue in or about
28 November 2011 (Supp. Decl. of Matthew Kumin at 2), and there are differences between each state's

medical marijuana law. Furthermore, contrary to Plaintiffs' contention that Defendants are taking enforcement action only against California dispensaries, the evidence submitted shows that Defendants are prosecuting at least some medical marijuana growers and distributors in Colorado, including those in compliance with state law. (*See id.* Ex. 2; *see also* Defs' Supp. Ex. 2 & 3.) Plaintiffs' assertion of discriminatory effect is therefore unsupported by the clear evidence required to overcome the presumption that Defendants have properly discharged their official duties. *See Armstrong*, 517 U.S. at 464. On this basis alone, Plaintiffs have failed to establish a probability of success on their selective prosecution claim. *See id.* at 465 (claimant must demonstrate both discriminatory effect *and* discriminatory purpose).

Plaintiffs also have failed to show that Defendants' actions were motivated by a discriminatory purpose. "To show discriminatory purpose, a plaintiff must establish that the decision-maker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effect on an identifiable group." *Rosenbaum*, 484 F.3d at 1153.

When state action does not implicate a fundamental right or a suspect classification, it will be upheld if it is rationally related to a legitimate state interest. *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir, 2004), *overruled on other grounds*, *Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 93, 96 (9th Cir. 2007); *see also Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005). Plaintiffs do not contend that Defendants' enforcement activity is based on a suspect classification, and to the extent they rely on their Fifth Amendment claim to show that federal enforcement implicates a fundamental right, the reliance is unfounded for the reasons discussed above. The rational basis standard therefore applies to Plaintiffs' selective prosecution claim. *See Squaw Valley Dev. Co.*, 375 F.3d at 944. Selective enforcement of valid laws, without more, does not make Defendants' action irrational. *See id.* However, the absence of rational basis can be shown if enforcement is "malicious, irrational or plainly arbitrary." *Id*.

Plaintiffs contend that Defendants' decision to prosecute is based on impermissible considerations. (*See* Pls' Supp. Brief at 6-7.) The only impermissible consideration they assert is geography. (Pls' Mem. of P. & A. at 26.) A number of legitimate factors are relevant to the exercise of prosecutorial discretion, such as "the strength of the case, the prosecution's general deterrence value,

the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." *Wayte v. United States*, 470 U.S. 598, 607 (1985). In their opposition brief, Defendants argue that such factors are present here. (Defs' Opp'n at 17, 18 & n.12.) They note California is the largest marijuana producer in the United States, and enforcement in California may have a greater deterrent effect on others. (*Id*. at 18 n.12.) Plaintiffs have offered no evidence to support a conclusion that Defendants' explanation is pretextual or that their actions are motivated by a discriminatory purpose. Plaintiffs have therefore not overcome the presumption of regularity in the exercise of prosecutorial discretion. *See Armstrong*, 517 U.S. at 464.

Finally, Plaintiffs' reliance on *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973), is unavailing. There, Mr. Falk was prosecuted because of his draft counseling activity in opposition to the Vietnam war and for claiming his statutory right as a conscientious objector. The Court concluded that Mr. Falk's activities involved the exercise of fundamental First Amendment rights, and thus, his prosecution was "inherently suspect." *Id*. at 621. The Court found Mr. Falk had established a *prima facie* case of selective prosecution and was entitled to present evidence to support his claim. *Id*. at 623-34. Here, however, Plaintiffs have failed to make a showing that they are exercising a fundamental right.

For these reasons, as well as those stated in the November 18, 2011 order denying Plaintiffs' application for temporary restraining order, Plaintiffs have not made a clear showing they are entitled to the extraordinary remedy of preliminary injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs' motion is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: December 13, 2011

_____
HON. DANA M. SABRAW
United States District Judge