UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERNATIVE COMMUNITY HEALTH CARE COOPERATIVE, INC. *et al.*,<br><br>          Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, Attorney General of the Untied States *et al.*,<br><br>          Defendants. | CASE NO. 11cv2585-DMS (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Plaintiffs in this civil rights action filed a complaint seeking to enjoin the prosecution of cooperatives operating marijuana dispensaries under California law and landlords leasing real property to such cooperatives. At the same time, Plaintiffs also moved for a temporary restraining order and preliminary injunction, which were denied by orders dated November 18 and December 13, 2011, respectively. Pending before the Court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs filed an opposition and Defendants replied. For the reasons stated below, Defendants' motion is **GRANTED**.

    Plaintiffs are two patients and four medical marijuana cooperatives who operate marijuana dispensaries under California's Compassionate Use Act, Cal. Health & Safety Code § 11362.5. The Compassionate Use Act "was designed to ensure that seriously ill residents of the State have access to marijuana for medical purposes, and to encourage Federal and State Governments to take steps toward

ensuring the safe and affordable distribution of the drug to patients in need.  The Act creates an exemption from criminal prosecution for physicians, as well as for patients and primary caregivers who possess or cultivate marijuana for medicinal purposes with the recommendation or approval of a physician." *Gonzales v. Raich*, 545 U.S. 1, 5-6 (2005) (footnotes omitted) ("*Raich I*").

The federal Controlled Substances Act, 21 U.S.C. § 21 U.S.C. § 801 *et seq*. ("CSA"), is "a closed regulatory system making it unlawful to manufacture, distribute, dispense, or possess any controlled substance except in a manner authorized by the CSA." *Raich I*, 545 U.S. at 13.  It is "a comprehensive framework for regulating the production, distribution, and possession of five classes of 'controlled substances.'" *Id*. at 24.  Marijuana is classified as a Schedule I drug, 21 U.S.C. § 812(c), which makes its "manufacture, distribution, or possession . . . a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study." *Raich I*, 545 U.S. at 14.  Whereas some other drugs can be dispensed and prescribed for medical use, *see* 21 U.S.C. § 829, the same is not true for marijuana.

Starting October 5, 2011, the United States Attorney for the Southern District of California sent letters to two of the dispensary Plaintiffs and the landlords of the remaining two dispensary Plaintiffs, formally notifying them "that the marijuana dispensary's operations violate United States law and that the violations of federal law relating to the marijuana dispensary's operations may result in criminal prosecution, imprisonment, fines, and the forfeiture of the proceeds of the operations, as well as the real and personal property used to facilitate the operations." (Compl. Exs. 1-4.)  The letters give the recipients 45 days to "discontinue sale and/or distribution" at the referenced locations or face the prospect of prosecution and forfeiture of assets.

Plaintiffs filed this action against the Attorney General of the United States, the Administrator of the Drug Enforcement Administration and the United States Attorney for the Southern District of California.  They asserted claims for judicial and equitable estoppel, and violation of the Ninth, Tenth and Fourteenth Amendments to and the Commerce Clause of the United States Constitution.  Plaintiffs seek a judgment declaring the CSA unenforceable and permanently enjoining prosecution under the CSA.

Defendants argue Plaintiffs cannot state a claim under Rule 12(b)(6) for any of their causes of action. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

### Judicial Estoppel

First, Defendants contend Plaintiffs cannot state a claim for judicial estoppel to preclude enforcement of the CSA. Judicial estoppel is an equitable doctrine which "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). As a basis for their claim, Plaintiffs point to the federal government's representations made during proceedings in *County of Santa Cruz v. Holder*, U.S. District Court of the Northern District of California Case No. 03cv1802 (the "Santa Cruz Action"). (Compl. at 8.) Upon review of the record in the Santa Cruz Action, this claim was rejected in the order denying Plaintiffs' motion for a temporary restraining order.[1] (Order Denying Application for a Temporary Restraining Order and Notice of Hearing, filed Nov. 18, 2011 (the "November 18 Order") at 3-5.) In their opposition to Defendants' motion to dismiss, Plaintiffs present no new arguments. Accordingly, Defendants' motion to dismiss the first cause of action for judicial estoppel is granted for the reasons stated in the November 18 Order.

---

[1] Plaintiffs request judicial notice of the same record in opposition to Defendants' motion to dismiss. (Pls' Req. for Jud. Notice Exs. 1 & 2.) Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Fed. R. Civ. Proc. 12(d). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Tech.*, 499 F.3d at 1052 (internal quotation marks and citations omitted). This includes filings on other court cases. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Because both sides rely on the same court record and neither side disputes the authenticity or accuracy of the documents, the Court takes judicial notice of the record in the Santa Cruz Action for purposes of the pending motion.

**Equitable Estoppel**

Plaintiffs do not oppose Defendants' motion insofar as it seeks dismissal of the second cause of action for equitable estoppel. Accordingly, Plaintiffs have abandoned this claim. *See Walsh v. Nev. Dep. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to raise issue in opposition to motion to dismiss). In this regard, the motion is granted as unopposed. *See* S.D. Cal. Civ. Loc. R. 7.1(f)(3)(c); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Alternatively, dismissal of the equitable estoppel claim is granted on the merits. Plaintiffs' claim is based entirely on the estoppel by entrapment theory. (Compl. at 8-9.) Estoppel by entrapment may be asserted as a defense in criminal proceedings "when an official tells the defendant that certain conduct is legal and the defendant believes the official." *U.S. v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987) (internal quotation marks and citation omitted). Plaintiffs are not asserting estoppel as a defense in a criminal proceeding. Furthermore, they do not allege any of them were told by a government official their conduct was legal. Instead, they point to a publicly-announced change in federal enforcement policy of the CSA, filed in the Santa Cruz Action, which provided as a general matter that federal resources would not be focused on enforcing the CSA in the states which enacted laws authorizing medical use of marijuana against individuals who were in clear and unambiguous compliance with state law. (*See* Compl. Ex. 6 (Memorandum for Selected United States Attorneys dated Oct. 19, 2009 (the "Medical Marijuana Guidance")).) Plaintiffs allege they reasonably relied on the Medical Marijuana Guidance to operate medical marijuana dispensaries and should therefore not be prosecuted. The Medical Marijuana Guidance, however, did not state that Plaintiffs' conduct was legal. To the contrary,

> This guidance regarding resource allocation does not "legalize" marijuana or provide a legal defense to a violation of federal law, nor is it intended to create any privileges, benefits, or rights, substantive or procedural, enforceable by any individual, party or witness in any administrative, civil, or criminal matter. Nor does clear and unambiguous compliance with state law . . . create a legal defense to a violation of the Controlled Substances Act. Rather, this memorandum is intended solely as a guide to the exercise of investigative and prosecutorial discretion.

(Medical Marijuana Guidance at 2.) "An entrapment by estoppel defense is available only when the defendant can demonstrate a reasonable belief that his conduct was sanctioned by the government." *U.S. v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (internal quotation marks, brackets and citation

1  omitted). Based on the language of the Medical Marijuana Guidance, Plaintiffs could not have
2  reasonably believed their conduct was sanctioned by the government. Even if Plaintiffs' belief had been
3  reasonable when the guidance was issued, they could not reasonably persist in it after the government
4  distributed the October 5, 2011 cease and desist letters. Accordingly, Defendants' motion to dismiss
5  the equitable estoppel claim is granted.

## The Ninth Amendment

7  In support of the third cause of action for violation of the Ninth Amendment, Plaintiffs allege
8  they have a fundamental right to bodily integrity, including medical marijuana use, which is being
9  curtailed by enforcing the CSA. (Compl. at 9.) Defendants dispute that medical marijuana use is a
10 fundamental right. In opposition, Plaintiffs raise the same legal arguments which were rejected on their
11 temporary restraining order and preliminary injunction motions. (*See* Nov. 18 Order at 5-6; Order
12 Denying Plaintiffs' Motion for Preliminary Injunction, filed Dec. 13, 2011 ("the December 13 Order")
13 at 2-4.) Accordingly, Defendants' motion to dismiss the Ninth Amendment claim is granted for the
14 reasons stated in the November 18 and December 13 Orders.

## The Tenth Amendment and the Commerce Clause

16 In the fourth and sixth causes of action for violation of the Tenth Amendment and the Commerce
17 Clause, Plaintiffs assert that the CSA exceeds congressional powers under the Commerce Clause to the
18 extent is regulates purely intrastate commerce, and that the Tenth Amendment therefore reserves the
19 power to regulate medical marijuana use and distribution to the states. (Compl. at 10, 11.) Defendants
20 argue both claims are foreclosed by binding precedent. In response, Plaintiffs do not oppose dismissal
21 of the Commerce Clause claim. The claim is therefore abandoned and Defendants' motion in this regard
22 is granted as unopposed. Alternatively, the motion is granted on the grounds stated in the November
23 18 Order. (*See* Nov. 18 Order at 6.)

24 Although Plaintiffs oppose dismissal of the Tenth Amendment claim, they raise the same legal
25 arguments which were rejected on their motion for a temporary restraining order. (*See* Nov. 18 Order
26 at 6.) In addition, Plaintiffs contend that *Raich v. Gonzalez*, 500 F.3d 850 (9th Cir. 2007) ("*Raich II*"),
27 cited in the November 18 Order, did not have to decide the Tenth Amendment issue because the
28 plaintiff had conceded it, and that the statements in *Raich II* regarding the Tenth Amendment are

therefore *dicta*. (Opp'n at 17.) Nevertheless, the rule stated in *Raich II*, "if Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment," 500 F.3d at 867, *quoting Untied States v. Jones*, 231 F.3d 508, 515 (9th Cir. 2000), is well supported and well established. *See, e.g., New York v. United States*, 505 U.S. 144, 156 (1992) ("If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States; if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress. [¶] . . . [T]he Tenth Amendment 'states but a truism that all is retained which has not been surrendered.'"); *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 291 (1981) ("The Court long ago rejected the suggestion that Congress invades areas reserved to the States by the Tenth Amendment simply because it exercises its authority under the Commerce Clause in a manner that displaces the States' exercise of their police powers."). Plaintiffs' arguments in support of their Tenth Amendment claim are therefore rejected.

**Equal Protection**

Finally, in their fifth cause of action for violation of the Fourteenth Amendment Equal Protection Clause,[2] Plaintiffs allege Defendants unlawfully discriminate against them because (1) the federal government provides marijuana for medical purposes under its own "IND program;"[3] (2) allows a medical marijuana program under a state licensing program in Colorado; and (3) actively restricts scientific research into the medical uses of marijuana. (Compl. at 10-11.) Defendants argue that the claim should be dismissed in its entirety.

---

[2] The Fourteenth Amendment applies to actions by a state rather than the federal government. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987). The Fourteenth Amendment therefore does not apply to Plaintiffs' claim, which is directed at the federal government. "The Fifth Amendment, however, does apply to the Federal Government and contains an equal protection component." *Id.* (citation omitted). The Supreme Court's "approach to Fifth Amendment equal protection claims has been precisely the same as to equal protection claims under the Fourteenth Amendment." *Id.* (internal quotation marks, ellipsis and citation omitted). The Court therefore construes the fifth cause of action as alleging a violation of the equal protection component of the Fifth Amendment.

[3] Plaintiffs do not define or describe this program in the complaint, however, it appears they are referring to the investigational new drug program under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 355. *See also Kuromiya v. United States*, 78 F. Supp. 2d 367, 368-69 (E.D. Penn. 1999) (describing the program).

In their temporary restraining order and preliminary injunction motions, Plaintiffs presented this claim primarily as a selective prosecution claim, arguing the federal government is not prosecuting patients and dispensaries operating under Colorado's medical marijuana laws, but is disproportionately prosecuting patients and dispensaries operating under California's Compassionate Use Act. The selective prosecution theory was rejected in the November 18 and December 13 Orders. (*See* Nov. 18 Order at 6-7; Dec. 13 Order at 4-6.) Defendants contend the selective prosecution claim should be dismissed for the reasons stated therein. Plaintiffs do not oppose dismissal of the equal protection claim to the extent it rests on the selective prosecution theory. Plaintiffs therefore have abandoned this theory of their equal protection claim and Defendants' motion is granted as unopposed in this regard. Alternatively, it is granted on the merits for the reasons stated in the November 18 and December 13 Orders.

Next, Defendants argue the federal IND program cannot provide a basis for an equal protection claim because the CSA expressly exempts federal research projects. *See* 21 U.S.C. § 823(f); *Raich I*, 545 U.S. at 14; *U.S. v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 489-90 (2001). In their opposition, Plaintiffs do not dispute this. Accordingly, the IND program theory of the equal protection claim is abandoned and Defendants' motion is granted as unopposed in this regard. Alternatively, it is granted on the merits. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr*, 473 U.S. 432, 439 (1985). Plaintiffs claim they are being unlawfully discriminated against because they are subject to potential prosecution for medical marijuana use and distribution, while the federal government is sanctioning same under the IND program. (Compl. at 10.) Plaintiffs do not contend they are participating in the IND program or have been precluded from participating.[4] They are using or distributing marijuana for medical purposes under the Compassionate Use Act and desire to continue to do so in violation of the

---

[4] Even if Plaintiffs framed their claim this way, they could not state an equal protection claim. *See Kuromiya*, 78 F. Supp. 2d at 370-74 (no equal protection violation for excluding individuals from participation in the IND program involving compassionate use of marijuana); *see also Smith v. Shalala*, 954 F. Supp. 1, 3 (D.D.C 1996) (no fundamental right to access to experimental medical treatments), *citing Rutherford v. Untied States*, 616 F.2d 455 (10th Cir.), *cert. den.,* 449 U.S. 937 (1980) & *Carnohan v. United States*, 616 F.2d 1120, 1122 (9th Cir. 1980); *Raich II*, 500 F.3d at 866 (no fundamental right to medical use of marijuana); Dec. 13 Order at 2-4 (same).

1  CSA.  Their violation of federal law precludes a finding that they are similarly situated as the
2  participants in a federally-sanctioned IND program.

3  To the extent the equal protection claim is based on the federal government's alleged restriction
4  of scientific research into the benefits of marijuana's medicinal uses, Defendants maintain it should be
5  dismissed for lack of standing, because Plaintiffs have not alleged they have been injured by this alleged
6  practice, as there are no allegations that any Plaintiff attempted to conduct research or was precluded
7  from conducting it.  Furthermore, no allegations suggest a causal connection between the alleged
8  research restriction and threatened federal enforcement of the CSA.  Again, Plaintiffs do not dispute
9  their lack of standing.  The research restriction theory of Plaintiffs' equal protection claim is therefore
10 abandoned and Defendants' motion in this regard is granted as unopposed.  Alternatively, the restriction
11 of scientific research theory is dismissed on the merits because Plaintiffs have not established they have
12 standing to assert this claim.  *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (to
13 establish standing "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly
14 unlawful conduct and likely to be redressed by the requested relief.").

15 However, in their opposition Plaintiffs present a new theory in support of their equal protection
16 claim.  They argue the Congress lacked rational basis to classify marijuana as a Schedule I drug under
17 the CSA, because marijuana has medical uses which have been accepted by the medical community.
18 (Opp'n at 18-21.)  This claim is not alleged in the complaint (*see* Compl. at 10-11) and the time for
19 Plaintiffs to amend the complaint as a matter of course has expired;  *see* Fed. R. Civ. Proc. 15(a)(1)(B).
20 The Court therefore construes Plaintiffs' inclusion in their opposition of this new equal protection theory
21 as a request for leave to amend the complaint under Rule 15(a)(2).

22 Rule 15 advises that leave to amend shall be freely given when justice so requires.  Fed. R. Civ.
23 P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon,*
24 *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint cannot be saved by amendment. *Id*.

Plaintiffs' new equal protection theory has already been raised and rejected in binding precedent. In *United States v. Miroyan*, 577 F.2d 489, 495 (9th Cir. 1978), the Ninth Circuit noted a line of cases in this Circuit finding the CSA constitutional and not lacking in rational basis for classification of marijuana as a Schedule I drug. *See also United States v. Greene*, 892 F.2d 453, 455-56 (6th Cir. 1989) (and cases cited therein); *Raich I*, 545 U.S. 26-27 (rational means of regulating commerce in marijuana). Moreover, the CSA includes a comprehensive reclassification scheme, 21 U.S.C. §§ 811 & 877 (judicial review), which provides for the exclusive means of challenging classification decisions. *United States v. Burton*, 894 F.2d 188, 192 (6th Cir. 1990). Accordingly, leave to amend the complaint to state an equal protection claim on the theory that the current classification of marijuana lacks rational basis would be futile and is therefore denied.

Leave to amend is also denied as to Plaintiffs' remaining claims. Plaintiffs have already briefed the sufficiency of their claims in their motions for a temporary restraining order and preliminary injunction. Opposition to Defendants' motion to dismiss was their third opportunity to do so. As discussed above, Plaintiffs have abandoned several of their claims, while others are precluded by binding precedent. Granting leave to amend would therefore be futile.

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

DATED: March 5, 2012

HON. DANA M. SABRAW
United States District Judge